*KSC/08.17.21*
JXH: 2021R00035

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND** AUG 18 PM 12: 56

CLERK'S OFFICE
AT BALTIMORE
BY_____ DEPUTY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO.** CCB 21cr 323 |
| | * | |
| **v.** | * | |
| | * | **Distribution of and Possession with** |
| **DOUGLAS VINES,** | * | **Intent to Distribute Controlled** |
| | * | **Dangerous Substances, 21 U.S.C. §** |
| **Defendant.** | * | **841; Forfeiture, 18 U.S.C. § 924(d), 21** |
| | * | **U.S.C. § 853, 28 U.S.C. § 2461, Rule** |
| | * | **32.2, Fed. R. Crim. P.** |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |
| | * | |

*******

## INDICTMENT

### COUNT ONE
### (Possession with Intent to Distribute and Distribution of Controlled Substances)

The Grand Jury for the District of Maryland charges that:

On or about February 10, 2021, in the District of Maryland, the defendant,

### DOUGLAS VINES,

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a

mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-

piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a) & (b)(1)(C)
18 U.S.C. § 2

## COUNT TWO
### (Possession with Intent to Distribute and Distribution of Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about March 19, 2021, in the District of Maryland, the defendant,

### DOUGLAS VINES,

did knowingly and intentionally distribute and possess with intent to distribute 40 grams or more

of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-

piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance.

21 U.S.C. § 841(a) & (b)(1)(B)(vi)
18 U.S.C. § 2

2

## COUNT THREE
### (Possession with Intent to Distribute and Distribution of Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about April 28, 2021, in the District of Maryland, the defendant,

### DOUGLAS VINES,

did knowingly and intentionally distribute and possess with intent to distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, and a quantity of a mixture or substance containing a detectable amount of cocaine, both Schedule II controlled substances.

21 U.S.C. § 841(a), (b)(1)(C)
18 U.S.C. § 2

3

## COUNT FOUR
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges that:

On or about June 16, 2021, in the District of Maryland, the defendant,

### DOUGLAS VINES,

did knowingly and intentionally possess with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance;  a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; and a quantity of a mixture or substance containing a detectable amount of heroin,

a Schedule I controlled substance.

21 U.S.C. § 841(a), (b)(1)(B)(vi), and (b)(1)(C)
18 U.S.C. § 2

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.     Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction under Count One of this Indictment.

2.     As a result of the offenses set forth in Counts One through Four, incorporated herein, the defendant shall forfeit:

> a.  any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, including the $20,900.00 in U.S. currency recovered from 9531 Elizabeth Howe Lane, Owings Mills, Maryland.

3.     The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

## Substitute Assets

4.     If any of the property described above, as a result of any act or omission of any defendant,

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third person;
>
> c.  has been placed beyond the jurisdiction of the Court;

5

d.  has been substantially diminished in value; or,

e.  has been commingled with other property which cannot be subdivided without

difficulty

the United States of America shall be entitled to forfeiture of substitute property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_____
JONATHAN F. LENZNER
ACTING UNITED STATES ATTORNEY

A TRUE BILL:

**SIGNATURE REDACTED**

FOREPERSON

8/18/2021
DATE

6